IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

DONALD SMILIE, etc.,              )
                                  )
                  Plaintiff,      )
                                  )
      v.                          )     No. 07 C 3231
                                  )
COMCAST CORPORATION, etc., et al.,)
                                  )
                  Defendants.     )

                         MEMORANDUM ORDER

     At the end of last week Comcast Cable Communications Management, LLC ("Comcast," which has been misnamed in the Complaint) filed its Answer to the Complaint. Although that responsive pleading has been meticulous in addressing all of the allegations in the Complaint, one recurrent pleading flaw has prompted this sua sponte memorandum order.

     Unlike all too many lawyers (see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)), Comcast's counsel have repeatedly (and properly) invoked the second sentence of Fed. R. Civ. P. 8(b) as the basis for getting the benefit of a deemed denial (see Answer ¶¶4, 6, 7, 11 and 12 and Answer Count I ¶14, Count II ¶¶13 and 14 and Count III ¶13). But having done so, Comcast's counsel then proceed to follow that invocation with the phrase "and therefore denies those allegations"--an oxymoronic locution, for how can a party that has disclaimed enough information to support a belief as to the truth of an allegation then go on to deny it? Accordingly that

phrase is stricken from the Answer wherever it appears.

```
                                    /s/ Milton I. Shadur
                                _____
                                Milton I. Shadur
                                Senior United States District Judge
```

Date:  August 15, 2007