IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

DONALD SMILIE, etc.,            )
                                )
          Plaintiff,            )
                                )
     v.                         )    No. 07 C 3231
                                )
COMCAST CORPORATION, etc., et al., )
                                )
          Defendants.           )

                       MEMORANDUM ORDER

     Streamline Communications, Inc. ("Streamline") has filed its Answer and Affirmative Defenses ("ADs") to the Fair Labor Standards Act action brought against it and other corporate defendants by Donald Smilie ("Smilie").  This memorandum order is issued sua sponte because Streamline's counsel has not conformed to some fundamental principles of federal pleading.

     First, despite the clarity of the second sentence of Fed. R. Civ. P. ("Rule") 8(b) as to the precise content of the disclaimer required to obtain the benefit of a deemed denial (see App. ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001)), counsel has inexplicably--and impermissibly--departed from that language in a manner that amounts to a substantive change (see Answer ¶¶2, 4, 6, 11 and 12 and Answer Count I ¶14 and Count II ¶13).  All of those disclaimers must be rewritten.[1]  That correction must be made on

_____

    [1] To avoid the need for the preparation and filing of a full-scale Amended Answer, this Court will find acceptable a brief amendment to the Answer (if, of course, the necessary

or before September 21, 2007, failing which all of the corresponding allegations of Smilie's Complaint will be deemed to have been admitted.

As for ADs 1 and 2, they are stricken as surplusage in light of Streamline's earlier-stated denials in Answer ¶¶5 and 6 "that Donald Smilie was an employee and/or had any other employee relationship with Streamline." Even though the substantive nature of ADs 1 and 2 does conform to the requirements of Rule 8(c)(see App. ¶5 to State Farm), Streamline's resort to a belt-and-suspenders approach--stating the same thing twice--is totally unnecessary.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 10, 2007

---

disclaimer of information sufficient to form a belief can be made by Streamline in the objective good faith required by Rule 11(b)) that simply states that "knowledge or information" is substituted for "knowledge" in each of the paragraphs identified by this memorandum order.